# EXHIBIT "A"

| | |
|---|---|
| **RETURN DATE: APRIL 26, 2022** : | **SUPERIOR COURT** |
| **JOAN COLBURN** : | **J.D. OF FAIRFIELD** |
| **VS.** : | **AT BRIDGEPORT** |
| **RANGEL RAMIREZ AND** | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.** : | **March 22, 2022** |

## COMPLAINT

### COUNT ONE – Negligence as to Rangel Ramirez

1.  On or about March 24, 2020, at approximately 6:35 a.m., Joan Colburn (hereinafter the "Plaintiff"), a resident of Milford, Connecticut was a passenger in a 2011 Hyundai Elantra Gls/Limited being operated at a legal rate of speed with the flow of traffic in the right-hand lane heading Southbound on I-95 in Greenwich, Connecticut.

2.  At the same time and place referred to above, Rangel Ramirez (hereinafter "Defendant Ramirez"), a resident of Bridgeport, Connecticut, was operating a 2018 Ford Box Truck (the "Truck") in connection with his employment with Fedex Ground Package System, Inc., a Delaware corporation that conducts business in Connecticut (hereinafter "Defendant Fedex"), traveling directly behind the vehicle containing the Plaintiff in the right-hand lane heading Southbound on I-95 in Greenwich, Connecticut.

3.  At the aforementioned date and time, traffic on I-95 Southbound, as is typical for this time of day and location, began to congest and slow in front of the vehicle containing the Plaintiff, which thereby caused the vehicle containing the Plaintiff to come to a stop with the traffic.

4.  Defendant Ramirez, who was operating the Truck at an unreasonably close distance and immediately behind the vehicle containing the Plaintiff, considering the

1

road and traffic conditions then and there existing, negligently failed to stop the Truck in response to the traffic that had caused the vehicle containing the Plaintiff to stop.

5.  Defendant Ramirez's negligent failure to stop the Truck caused the Truck to suddenly and forcefully collide with the rear of the vehicle containing the Plaintiff, which collision caused the Plaintiff to be violently thrown against the dashboard and about the front passenger compartment of the vehicle.

6.  The Truck's collision into the vehicle containing the Plaintiff was directly and proximately caused by the negligence and carelessness of Defendant Ramirez in one or more of the following ways:

   a. In that he failed to keep his Truck under proper control considering the traffic conditions then and there existing and the speed of other vehicles on the road, including the one containing the Plaintiff;

   b. In that he failed to operate and maintain the Truck at a reasonable and prudent distance from the vehicle containing the Plaintiff under the road and traffic conditions then and there existing;

   c. In that he was inattentive and failed to keep a proper lookout in the operation of the Truck such that he did not notice the traffic congestion ahead;

   d. In that he failed to seasonably apply the brakes of the Truck when, in the exercise of due care, he knew or should have known that collision with the vehicle containing the Plaintiff was imminent; and

   e. In that he failed to act as a reasonably prudent person would under the circumstances then and there existing.

7. As a direct and proximate result of the collision caused by the carelessness and negligence of Defendant Ramirez, the Plaintiff sustained the following serious, severe, and painful injuries, some or all of which may be permanent in nature:

   a. Cervical strain, pain, and tenderness;

   b. Lumbar strain, pain, and tenderness;

   c. Body aches;

   d. Head impact, dizziness, and headaches;

   e. Raynaud's Phenomenon;

   f. Numbness and tingling in her extremities;

   g. Upper extremity paresthesia;

   h. Livedo reticularis and discoloration of the knees, fingers, and toes;

   i. Skin lesions;

   j. Joint pain in her hands and feet;

   k. Lower neck strain, pain, and tenderness;

   l. Shoulder strain and pain that radiates down her arms;

   m. Back strain and pain;

   n. Muscle strain, stiffness, and loss of mobility;

   o. Associated pain, suffering, discomfort, sleeplessness, and anxiety.

8. As a further result of the aforementioned carelessness and negligence of Defendant Ramirez, the Plaintiff was caused the following injuries, consequential losses, and expenses:

   a. Medical expenses incurred;

   b. The likelihood of future expenses for medical care, treatment, and physical therapy.

9. As a further result of the carelessness and negligence of the Defendant, the Plaintiff has suffered the following:

   a. Trauma to the head and neck;

   b. Severe emotional distress;

   c. Exacerbation of mental illness due to the stress associated with the collision;

   d. Exacerbation of previously experienced physical ailments due to the stress associated with the collision;

   e. Difficulty completing everyday tasks;

   f. Difficulty bending;

   g. Loss and diminution of her ability to enjoy life as she did before the accident;

   h. Enhanced vulnerability to injury and re-injury, deterioration, and disease of the affected regions of the Plaintiff's body.

10. As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff has suffered and will continue to suffer mental anguish, frustration, and anxiety over the fact that she remains injured and impaired.

**COUNT TWO** – **Negligence as to Fedex Ground Package System, Inc.**

1-10. Paragraphs 1 through 10 of the First Count are hereby incorporated as Paragraphs 1 through 10 of the Second Count.

11. At the time of the aforementioned collision, Defendant Ramirez was an employee of Defendant Fedex and was operating the Truck as an agent and servant in the employ of Defendant Fedex, within the scope of his employment with Defendant Fedex, and in furtherance of Defendant Fedex's interests.

12. As a direct and proximate result of Defendant Ramirez's conduct, which occurred within the course and scope of his employment with Defendant Fedex, the Plaintiff suffered damages, as alleged herein.

**WHEREFORE,** the Plaintiff claims:

1. Monetary damages;

2. Allowable costs and fees;

3. Such other relief as may be just and equitable.

**THE PLAINTIFF,**
**JOAN COLBURN**

BY *Kaelyn Mostafa*

Kaelyn M. Mostafa, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Phone: (203) 337-4147
Fax: (203) 394-9901
Juris No. 010032
kmostafa@cohenandwolf.com

5

| | | |
|---|---|---|
| **RETURN DATE: APRIL 26, 2022** | : | **SUPERIOR COURT** |
| **JOAN COLBURN** | : | **J.D. OF FAIRFIELD** |
| **VS.** | : | **AT BRIDGEPORT** |
| **RANGEL RAMIREZ AND FEDEX GROUND PACKAGE SYSTEM, INC.** | : | **March 22, 2022** |

## STATEMENT RE: AMOUNT IN DEMAND

The Plaintiff in the above-entitled action claims compensatory damages within the jurisdiction of this court in excess of the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest and costs.

**THE PLAINTIFF,
JOAN COLBURN**

BY _Kaelyn Mostafa_

Kaelyn M. Mostafa, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Phone: (203) 337-4147
Fax: (203) 394-9901
Juris No. 010032
kmostafa@cohenandwolf.com

6